IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                                   Case No. 3:04cr10/MCR

DAVID W. SVETE, ET AL.

ORDER AUTHORIZING
PARTIAL RELEASE OF REPATRIATED FUNDS

This case is before the Court upon the Motion of Homer & Bonner, P.A. for Attorney Fees and Costs Pursuant to Fee Agreement and Memorandum in Support Thereof [Doc. No. 795] (the "Motion"). The Court, having reviewed the Motion and noting the Government's Response in Opposition [Doc. No. 814) and the Receiver's Response in Opposition [Doc. No. 813], which Response includes a request for partial release of certain previously repatriated funds held by the Clerk of the Court, and having considered the same and being fully advised in the premises, FINDS as follows:

1.  Pursuant to the Order of the United States District Court for the Southern District of Ohio, dated February 20, 2004, H. Thomas Moran, II was appointed Receiver for the assets of LifeTime Capital, Inc. (the "Receiver"). The Receiver was thereafter appointed to serve as Receiver of the assets of certain other related entities owned and/or controlled by David W. Svete, including, without limitation, Umbrella Capital, LLC. From and after the date of his appointment, the Receiver has and continues to discharge his duties and responsibilities in a manner consistent with the authority granted to the Receiver in the Order of Appointment [Doc. No. 6], as said Order has been modified and clarified from time to time [Doc. Nos. 23, 141 and 381, Case No. 3:04 cv 0059, in the United States District Court for the South District of Ohio (the "Receivership Court")].

2. Pursuant to the Amended Judgment and Sentence entered in this proceeding [Doc. No. 593], all funds or proceeds of assets which are the subject of this Court's prior Forfeiture Order [see Doc Nos. 21, 112, 162, 511 and 550], and/or received as restitution payments, are to be credited against the restitution judgment and directed to the Receiver for distribution to the investors/victims of the Defendants. See Doc. No. 593, page 7.

3. The proceeds of the claim of Umbrella Capital, LLC to certain funds which are assets in a receivership pending in the British Columbia Supreme Court, Case No. L-031587 (the "Canadian Receivership Proceeding"), were since the Court's Order dated on or about April 19, 2004 [Doc. No. 112], subject to this Court's Forfeiture Orders. By virtue of the Court's Final Order of Forfeiture [Doc. No. 550], the funds became the property of the Government subject to the further orders of this Court.

4. On October 15, 2008, the Receiver filed his Motion to Approve Compromise and Settlement of Claims to Assets Subject to Forfeiture, Request for Order(s) in Aid of Same, and Memorandum in Support Thereof [Doc. No. 771]. Pursuant to the Motion to Approve Compromise, the Receiver sought authorization to settle the Umbrella Capital claim to the assets of the Canadian Receivership Proceeding for $1,825,000.00, with said proceeds to be repatriated to the Clerk of this Court to await further disposition ("Repatriated Funds").

5. On December 2, 2008, the Court entered its Order Approving the Receiver's Motion to Approve Compromise [Doc. No. 789]. Pursuant to said Order, on or about December 22, 2008, the Repatriated Funds as the proceeds of the compromise to the assets in the Canadian Receivership Proceeding were repatriated and received by the Clerk of this Court, where they remain on deposit, as invested.

6. On April 10, 2009, the Court entered Orders denying Defendant Svete's Motion to Stay Financial Penalties [Doc. No. 829] and an Order with respect to the Motion [Doc. No. 830].

7. As noted above, in response to Homer & Bonner's Motion, both the Government and the Receiver have opposed the same. Additionally, the Receiver sought consideration by the Court to release all of the Repatriated Funds, save and except for that

portion of the Repatriated Funds which are subject to the claims of Homer & Bonner. The Repatriated Funds represent the proceeds of the compromise and settlement previously approved by the Court and are in the amount of $1,825,000.00. Homer & Bonner's Motion, if granted in its entirety, would result in an award to Homer & Bonner of 16-1/2% of the proceeds realized from the Canadian Settlement, or $301,125.00. The Court desires to authorize and effectuate a release of all of the Repatriated Funds, save and except for those claimed by Homer & Bonner, together with a reasonable allowance for costs associated with the same.

8. Pursuant to the Court's Order of April 10, 2009 [Doc. No. 830], the Government and the Receiver have conferred and determined that, in addition to the $301,125.00, which is the total amount asserted to be owed Homer & Bonner, the Court should withhold an additional $100,000.00, and that the balance of the funds ($1,423,875.00) should be released to the Government with directions that said Repatriated Funds be credited against the Judgment and Sentence assessed against Defendant Svete. Further, said partially released funds should be transferred by the Clerk of this Court to the Receiver for redistribution to the investors/victims of Defendant Svete in the same manner in which previous distributions from the Receivership have been effectuated pursuant to the Receivership Court's orders.

9. As noted in the previous Orders of this Court, the Court finds that cause exists for granting the Receiver's request for partial release of Repatriated Funds, and accordingly it is HEREBY ORDERED AND ADJUDGED as follows:

    a. The Court hereby authorizes the release by the Clerk of this Court of the sum of $1,423,875.00 from the Repatriated Funds.

    b. The Clerk of the Court is directed to pay said released funds to the Receiver, and the Receiver, consistent with the Court's directives in the Amended Judgment and Sentence on file in this cause [Doc. No. 593], is to redistribute the funds to the former investors of LifeTime Capital, Inc., as victims of Defendant's fraudulent schemes for which he was convicted and sentenced in this criminal proceeding.

c.	The Receiver is to communicate with the Clerk of this Court regarding the logistics of the transfer of funds. Additionally, the Receiver is directed to notify this Court upon the receipt of the released Repatriated Funds and also upon the complete distribution of said funds as directed herein, subject to the appropriate orders of the Receivership Court.

d.	The Receiver is directed to seek such additional relief from this Court from time to time as may be necessary to fully effectuate the subject matter of this Order.

e.	This Court retains jurisdiction pursuant to the Repatriation and Forfeiture Orders with the subject matter of the proceeds of the Repatriated Funds, including those which are to be retained by the Clerk of the Court, and hereby approves and reserves the right to clarify, amend and/or supplement this Order from time to time as needed.

**IT IS SO ORDERED** this 27th day of May, 2009.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**

Case No.: 3:04cr10/MR