**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                                           CASE NO.: 3:04cr10/MCR

DAVID W. SVETE

_____/

**O R D E R**

This matter was previously brought before the court on defendant's Notice of Filing (doc. 831) regarding an Eleventh Circuit Transcript Information Form dated March 29, 2009, requesting a transcript copy of the April 8, 2005, hearing in this action (doc. 832). Construing defendant's notice as a motion, the court denied any requested relief based in part on the dismissal of the referenced appeal by the Eleventh Circuit Court of Appeal. (Doc. 839). Being now advised the referenced appeal, Number 08-17022-J, was clerically reinstated (doc. 847), the court will revisit its earlier denial of defendant's request.

Pursuant to the transcript acknowledgment filed April 16, 2009, satisfactory arrangements for paying the cost of the requested transcript have not been made. (Doc. 833). Though defendant may have been granted indigent status for costs associated with his direct appeal,[1] transcripts are not provided without proper payment. Title 28 U.S.C. § 753(f) provides that fees for transcripts furnished to persons permitted to appeal in forma pauperis shall be paid by the United States <u>if</u> the trial judge or a circuit judge certifies that

---

[1] Defendant initially appealed the jury verdict of guilty, the court's denial of post-trial motions, and the court's judgment and sentence. (<u>See</u> doc. 546). Though defendant retained counsel to represent him at trial and on appeal, the court granted defendant's motion to be declared indigent for costs. (Doc. 566). In its opinion dated April 23, 2009, the Eleventh Circuit Court of Appeal affirmed defendant's conviction and sentence.

the appeal is not frivolous (but presents a substantial question).  The referenced appeal pertains to this court's Order Granting Receiver's Motion to Approve Compromise and Settlement of Claims to Assets Subject to Forfeiture, and Request for Order(s) in Aid of Same entered December 2, 2008.  With respect to the requested transcript, defendant has not shown that it is "necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding."  Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992); see also Bentley v. United States, 431 F.2d 250 (6th Cir. 1979) (no entitlement to be furnished free transcript to search for yet unasserted grounds for relief absent any prior showing of need); 28 U.S.C. § 753(f).  Defendant's assertion that the transcript is "required for the appeal" is insufficient.  As such, his motion to receive a copy of the transcript must be denied.

Accordingly, though appeal Number 08-17022-J has been reinstated, the court's denial of defendant's request stands on the basis of defendant's failure to make satisfactory arrangements for paying the cost of the requested transcript.

**DONE** this 1st day of June, 2009.


                                                         s/ *M. Casey Rodgers*
                                       **M. CASEY RODGERS**
                                       **UNITED STATES DISTRICT JUDGE**